854 F.2d 1317
 48 Ed. Law Rep. 830
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lillie M. MONROE-LORD, Lois M. Smith, Plaintiffs-Appellants,
v.
William P. HYTCHE, Dr., Chancellor, University of Maryland,
Eastern Shore, Edward V. Ellis, Dr., Vice Chancellor for
Academic Affairs, University of Maryland, Eastern Shore,
University of Maryland, Eastern Shore, John S. Toll,
President, University of Maryland, Adelphi, University of
Maryland, Adelphi, Defendants-Appellees.
 No. 87-3150.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1988.
Decided Aug. 2, 1988.
 
 Susanne Koster Henley (Legum & Henley, P.A. on brief) for appellant.
 James John Mingle, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Sylvia S. Wagonheim on brief) for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dr. Lillie Monroe-Lord was hired as an assistant professor and head of the Department of Home Economics by the University of Maryland, Eastern Shore, in September, 1977. During the 1981-82 year, Monroe-Lord applied for tenure and promotion to associate professor. The recommendation at each level of review was against promotion and tenure, and her application was rejected. The following year, Monroe-Lord was again reviewed for promotion and tenure, which were again denied.
 
 
 2
 Monroe-Lord, a black female, filed charges of sex discrimination with the Maryland Commission of Human Relations against the University and its chancellor, Dr. William Hytche. Those charges were subsequently referred to the EEOC. On June 22, 1985, Monroe-Lord and Lois Smith, another black female, filed suit against the University and various individual defendants in the United States District Court for the District of Maryland. The complaint alleged discriminatory denial of tenure and promotions and unequal pay on the basis of race and sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e, and 42 U.S.C. Sec. 1981. A bench trial was held in June 1987, and in August 1987, the court ruled that plaintiffs had failed to prove their claims of race and sex discrimination and entered judgment in favor of defendants.
 
 
 3
 Monroe-Lord claims that the district court committed reversible error by precluding her from introducing the testimony of other female employees to establish a pattern or practice of sexual harassment and subsequent employment discrimination at the University.
 
 
 4
 The district court did not abuse its discretion in excluding the testimony. The issue of sexual harassment was collateral to Monroe-Lord's claim of discriminatory denial of tenure and promotion. Plaintiff's belated focus on the question of sexual harassment presaged a shift in her theory of the case. Furthermore, the evidence suggests that Monroe-Lord's claim of sexual harassment was unfounded. For example, Monroe-Lord alleged such harassment when she and Hytche were together on a flight en route to an academic meeting in St. Louis, Missouri. Expense vouchers filed for the trip, however, indicated that the two had traveled on separate flights at separate times. The court also concluded that notes that Monroe-Lord had submitted to the Maryland Commission to support her claim of sex discrimination had subsequently been altered to suggest that a claim of sexual harassment had also been filed. Thus, the district court found unworthy of credence Monroe-Lord's testimony that Chancellor Hytche made unwanted sexual advances towards her and that she was denied promotion and tenure because she rejected his advances. This conclusion is supported by the fact that every level of review of Monroe-Lord's applications for promotion and tenure found that she failed to satisfy the University's promotion/tenure criteria and gave her a negative recommendation.
 
 
 5
 In light of the shift in plaintiff's theory of her case, the insubstantial nature of her sexual harassment claim, and the serious problems evident in her testimony, we conclude that the district court appropriately exercised its discretion in excluding further testimony on the issue of sexual harassment. The judgment of the district court is therefore
 
 
 6
 AFFIRMED.